IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ABBOTT,

    Plaintiff,

v.                                                      CIV: 14-231

LOUIS ARMIJO, ALBUQUERQUE POLICE
DEPARTMENT OFFICER,

    Defendant.

## ANSWER TO PLAINTIFF'S COMPLAINT TO RECOVER DAMAGES DUE TO DEPRIVATION OF CIVIL RIGHTS

COMES NOW, Louis Armijo (hereinafter "Defendant"), by and through his counsel, Assistant City Attorney Paul M. Cash, and hereby states the following for his answer to Plaintiff's Complaint to Recover Damages for Deprivation of Civil Rights:

### PARTIES

1.     Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.     Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### FACTUAL BACKGROUND

3.     Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. As to Paragraph 5 of Plaintiff's Complaint, Defendant admits that Plaintiff was asked to leave and denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. As to Paragraph 6 of Plaintiff's Complaint, Defendant admits that Plaintiff was issued a criminal trespass warning/notification and denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

## FEDERAL CONSTITUTIONAL CLAIMS

## COUNT I-FOURTH AND FOURTEENTH AMENDMENT CLAIM

(MALICIOUS PROSECUTION AND PROSECUTION WITHOUT PROBABLE CAUSE AS TO CRIMINAL TRESPASS)

14. Defendant admits and denies Paragraphs 1 through 13 of Plaintiff's Complaint as set forth herein in Paragraphs 1 through 13 of this Answer.

15. Paragraph 15 states a legal conclusion to which no response is required.

16. Defendant denies the allegations contained in Paragraphs 16, 17, 18, and 19.

17. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 21.

## COUNT II-RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHT TO PEACEFULLY ASSEMBLE

19. Defendant admits and denies Paragraphs 1 through 21 of Plaintiff's Complaint as set forth herein in Paragraphs 1 through 18 of this Answer.

20. Paragraph 23 states a legal conclusion to which no response is required.

21. Defendant denies the allegations contained in Paragraphs 24, 25, 26, 27, 28, 29, and 30 of Plaintiff's Complaint.

## COUNT III: STATE CONSTITUTIONAL CLAIM

22. Defendant admits and denies Paragraphs 1 through 30 of Plaintiff's Complaint as set forth herein in Paragraphs 1 through 21 of this Answer.

23. Paragraph 32 states a legal conclusion to which no response is required.

24. Defendant denies the allegations contained in Paragraphs 33 and 34 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in the WHEREFORE clause, including subparts I-V, including IV(a), and the prayer for relief.

26. Defendant denies any allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Defendant's actions were objectively reasonable under the circumstances, done in good faith, and therefore, he is entitled to qualified immunity.

2. Defendant did not commit a clearly established constitutional violation.

3. Plaintiff failed to mitigate his damages, if any.

4. Plaintiff's injuries or losses, if any, were proximately caused by the negligence, intentional misconduct or other fault of the Plaintiff and/or third person for whom Defendants are not liable.

5. There was probable cause to cite Plaintiff for criminal trespass.

6. Plaintiff's Complaint fails to state a claim against the Defendant upon which relief may be granted, in whole or in part.

7. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

8. Defendant's immunity has not been waived under the New Mexico Tort Claims Act.

9. Defendant does not knowingly waive any defenses and reserves the right to add additional defenses as litigation and discovery progress in this matter.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant hereby demands a trial by jury on all claims and issues raised in Plaintiff's Complaint as allowed by law.

                    Respectfully submitted,

                    CITY OF ALBUQUERQUE
                    David Tourek
                    City Attorney

                    /s/ Paul M. Cash
                    Assistant City Attorney for Defendants
                    P. O. Box 2248
                    Albuquerque, NM 87102
                    (505) 768-4500

I certify that a true copy of the foregoing pleading was electronically filed to be served on:

Derek Garcia
Law Office of Derek V. Garcia, P.C.
PO Box 53603
Albuquerque, NM  87153-3603
Phone: (505) 333-8030
*Attorney for Plaintiff*

on this 10th day of March, 2014.

/s/ Paul M. Cash
Assistant City Attorney